In re AHRENFELDT. (Supreme Court, General Term, Second Department. December 2, 1895.) Settlement of account of Charles J. Ahrenfeldt as executor of Charles Ahrenfeldt. Hoadly, Lauterbach & Johnson, for appellants Fredericka Ohrtmann, Jules C. Ohrtmann, Alphonse A. E. Ohrtmann. Henry L. Schenerman, for William H. Page, Jr., as guardian ad litem of Margaretha Ohrtmann. Briston, Peet & Opdyke, for respondents.

PRATT, J. The surrogate correctly held that the contestants are not interested in the question they seek to raise. Order appealed from affirmed, with costs.

AMOROSA, Appellant, v. GALLELLA, Respondent. (Common Pleas of New York City and County, Additional General Term. December 16, 1895.) Action by Dante Amorosa against Antonio Gallella. Samuel S. Sewards, for appellant. J. Palmeri, for respondent. No opinion. Judgment reversed; new trial ordered; costs to appellant to abide event.

ASHLEY v. ASHLEY. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by Sabia M. Ashley against Harford Ashley. No opinion. The counsel fee is reduced to $100, and defendant is allowed 20 days after the service of the order to pay the same. If not then paid, the answer is stricken out. Order appealed from modified accordingly. All concur.

BAKER v. GEORGI et al. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by Francis T. Baker against Sarah F. Georgi and others. No opinion. Motion denied.

In re BALTZ'S WILL. (Supreme Court, General Term, Second Department. December 2, 1895.) Proceeding for the probate of the will of William Baltz, deceased. Jehiel T. Hurd, for appellant. John R. Tresidder, for respondents.

PRATT, J. The testator was shown to be competent. There is no suggestion that he was influenced. All the formalities were regarded, and the probate of the will must be affirmed, with costs.

BARKER et al. v. LANEY. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Mandeville J. Barker and another, as executors, etc., against Mary K. Laney. No opinion. Motion for reargument denied. For decision on appeal, see 35 N. Y. Supp. 626.

BARR, Respondent, v. FISH et al., Appellants. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Joseph A. Barr against Henry L. Fish and another. No opinion. Motion to reconsider the order previously made (35 N. Y. Supp. 1103), and for leave to appeal to the court of appeals, granted.

BARRETT, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, General Term, Fourth Department. December, 1895.) Action by John D. Barrett against the New York Central & Hudson River Railroad Company. C. D. Prescott, for appellant. Evans & Kneeland, for respondent.

PER CURIAM. A careful examination of the evidence contained in the appeal book has led us to the conclusion that the question whether the defendant was liable in this action, under the doctrine of Rounds v. Railroad Co., 64 N. Y. 129; Cohen v. Railroad Co., 69 N. Y. 170; Hoffman v. Railroad Co., 87 N. Y. 25; McCann v. Railroad Co., 117 N. Y. 505, 23 N. E. 164; Hogan v. Railroad Co., 124 N. Y. 647, 26 N. E. 950; Ansteth v. Railway Co., 145 N. Y. 210, 39 N. E. 708,—and other kindred cases, was a question of fact, was properly submitted to the jury, and that its verdict should be upheld. Nor do we think that the judgment should be disturbed upon the ground that the plaintiff's recovery was excessive. In this case the plaintiff lost his right hand, and one of his legs was seriously injured. After examining the evidence which shows the extent and character of the plaintiff's injuries, we find no reason to believe that the jury was misled by passion or prejudice, or coerced by any improper influence. We have examined the various exceptions to which our attention has been called by the appellant in its brief, but have found none which requires us to reverse the judgment. Judgment and order affirmed, with costs.

BARROWS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Superior Court of Buffalo, General Term. July, 1895.) Action by Alfred W. Barrows against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order appealed from affirmed, with costs. WHITE, J., does not sit in this case.

In re BEATTIE. (Supreme Court, Appellate Division, Second Department. January 14, 1896.) Application by Andrew Beattie for the discharge and vacating of a mechanic's lien of Isabella M. Burton on the property and premises known as "Lots 1 and 2, in block 12, on map of Mt. Vernon Heights in the City of Mt. Vernon." No opinion. Order affirmed, without

costs, on condition that the plaintiff amend her pending action so as to make the appellant a party thereto, and serve him with the summons and complaint within 20 days. On failure to comply with this condition, order reversed, with $10 costs and disbursements. All concur.